**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**CELESTE L. GUICE,**

      **Plaintiff,**

v.                                                                                 Case No. 8:15-cv-2935-T-27TBM

**THOMAS E. PEREZ, SECRETARY,
UNITED STATES DEPARTMENT
OF LABOR,**

      **Defendant.**

                                                 /

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on Plaintiff's **Motion for Leave to Proceed In Forma Pauperis** (Doc. 2), pursuant to 28 U.S.C. § 1915. While her affidavits (Docs. 3,4) reveal that Plaintiff may lack the resources necessary to pay the filing fee for this action, I find that the Complaint fails to state a cognizable claim and/or fails to comply with the Federal Rules of Civil Procedure; therefore, I recommend that the Court dismiss this action without prejudice and with leave to file an amended complaint.

I.

As indicated, Plaintiff seeks leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915, which states:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such

>     fees or give security therefor.  Such affidavit shall state the
>     nature of the action, defense or appeal and affiant's belief
>     that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).  The statute also states that "the court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue; or the action . . . is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."  *Id.* § 1915(e)(2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This requirement ensures that the defendant is given fair notice of what the claim is and the grounds upon which it rests.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  The allegations in the complaint "must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  Further, the claims must be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  A complaint does not comply with those standards if it is impossible to determine which allegations of fact are intended to support which claim(s) for relief.  *Kabbaj v. Obama*, 568 F. App'x 875, 879 (11th Cir. 2014) (citations omitted).

*Pro se* pleadings are to be construed liberally and held to a less stringent standard than pleadings drafted by attorneys.  *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir.), cert. denied, __ U.S. __, 135 S. Ct. 759 (2014) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972) and *Alba v. Montford*, 517 F. 3d 1249, 1252 (11th Cir. 2008)).  The court, however, cannot "rewrite an otherwise deficient pleading in order to sustain an action."  *Id.* (quoting *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

## II.

### A.

Before turning to the allegations in the Complaint, it is helpful to address the legal context in which they are brought.

The Federal Employees Compensation Act, 5 U.S.C. § 8101 et seq., ("FECA"), provides workers' compensation coverage for federal civilian employees injured while performing their work duties. *Woodruff v. U.S. Dep't of Labor, Office of Workers Comp. Program*, 954 F. 2d 634, 636 (11th Cir. 1992) (citing 5 U.S.C. § 8102(a)). The Secretary of the Department of Labor administers FECA and prescribe rules and regulations necessary to administer and enforce the FECA. *Id.* at 637 (citing 5 U.S.C. §§ 8145 and 8149). The Secretary has delegated its authority to oversee FECA's administration and implementation to the Director of the Office of Workers' Compensation Programs ("OWCP"). *Id.*

The OWCP reviews employee claims and makes factual findings to determine if an employee is entitled to FECA compensation. *Id.* (citing 5 U.S.C. § 8124(a)). An employee dissatisfied with the OWCP's decision may appeal to the Employees' Compensation Appeals Board ("ECAB"), the appellate division of the Department of Labor. *Id.* (citing 5 U.S.C. § 8149). Decisions of the ECAB are final. *Id.* An OWCP decision to award or deny compensation to an employee and the factual findings and conclusions of law of the OWCP or ECAB are not subject to judicial review. *Id.* (citing 5 U.S.C. § 8128(b)). In other words, FECA specifically forecloses judicial review of benefit decisions and the factual and legal findings supporting the same. *Gilmore v. Dir., U.S. Dep't of Labor, Office of Workers' Comp.*, 455 F. App'x 934, 936 (11th Cir. 2012) (citation and quotation omitted). There are,

however, two exceptions to that rule.  A federal court may exercise jurisdiction over a final decision of the Secretary under the FECA when (1) a clear statutory mandate or prohibition has been violated, or (2) there is a colorable constitutional claim.  *Id.* (citation omitted).

B.

Broadly speaking and construed liberally, Plaintiff brings this suit seeking appellate review of an administrative order pursuant to 5 U.S.C. § 702.  Specifically, Plaintiff challenges the ECAB's "Order Denying Appellant's Motion to Vacate" dated November 25, 2015, on grounds that it violated her right to due process and certain statutory and regulatory provisions.  There are, however, 48 pages in the Complaint.  Of those, 27 pages purport to set forth a "Procedural History and Factual Background" and 12 pages set forth legal argument.  *See* (Doc. 1 at 3-30, 35-46).  The Complaint also includes a section captioned "Statement of the Case," but it is wholly unclear whether those statements are the claimed allegations of error.  Further complicating matters, Plaintiff attaches to her Complaint over 400 pages of exhibits.  (Doc. 1, Attach.).  In terms of relief, Plaintiff seeks an Order reversing the ECAB's Order of November 25, 2015, and compelling OWCP to:  (1) vacate all previous and subsequent decisions issued by the ECAB and OWCP; (2) reinstate authorized medical treatment; (3) release all unlawfully withheld benefit payments from March 2013 to date; (4) correct all OWCP benefit payments from June 2011 to date; and (5) refund improperly deducted health and life insurance premiums from July 2011 through December 2012.  (Doc. 1 at 47).

III.

The Complaint (Doc. 1) is the antithesis of "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8.  Consequently, I am constrained to conclude that the Complaint fails to state a cognizable cause of action and should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).  *See Lacroix v. W. Dist. of Ky.*, No. 14-15276, 2015 WL 5673018, at *1-2 (11th Cir. Sept. 28, 2015) (affirming district court's *sua sponte* dismissal for failure to state a claim under § 1915 by failing to comply with Federal Rules of Civil Procedure 8 and 10).

According to the sworn statements in her Affidavit, Plaintiff is a seventeen year veteran of the United States Postal Service.  She was injured on the job previously and, at present, is limited to part-time, light duty work per the restrictions of her physician.  She brings this action for "review and appeal of a[n] agency decision."  (Doc. 3).  Her Complaint, however, is not nearly as concise.  Liberally construed, the allegations in the Complaint fail to support cognizable causes of action and/or identify discrete errors subject to review with relevant factual allegations consistent with the requirements of Federal Rules of Civil Procedure 8 and 10.  The Complaint does not include "short and plain" statements of Plaintiff's claims set forth in "numbered paragraphs each limited as far as practicable to a single set of circumstances."  As such, it is an impermissible shotgun pleading.  *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (defining a "shotgun pleading" as a pleading that violates "either Rule 8(a)(2) or Rule 10(b), or both").  The allegations simply are insufficient to ascertain the nature of Plaintiff's claim(s) and this Court's jurisdiction.  Moreover, the Complaint is insufficient to give the Defendant fair notice

5

of what claims are raised and the grounds upon which they are based.  As recently cautioned by the district judge (Doc. 6), notwithstanding her *pro se* status, Plaintiff must conform to procedural rules.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993).  Given these deficits, I conclude that Plaintiff's Complaint should be dismissed with leave to file an amended complaint.

IV.

For the reasons set forth above, I recommend that Plaintiff's **Motion for Leave to Proceed In Forma Pauperis** (Doc. 2) be **DENIED without prejudice**.  I recommend further that the Complaint (Doc. 1) be **DISMISSED without prejudice** and Plaintiff be directed to file an Amended Complaint consistent with the pleading requirements of the Federal Rules of Civil Procedure within twenty (20) days of the Court's Order, failing which may result in a dismissal of the action without further notice.

Respectfully submitted this
1st day of February 2016.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a

district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6.

Copies furnished to:
The Honorable James D. Whittemore, United States District Judge
*Pro se* Plaintiff